### ELVIRA HUNT vs. THE OTIS COMPANY.

Where one enters into the service of employers under no express agreement to continue in their service for any definite time, but with a knowledge of a regulation adopted by them, requiring that all persons employed by them shall give them four weeks' notice of an intention to quit their service, he does not forfeit his wages by quitting their service without giving such notice ; but he is liable to them for all damages caused by his not giving the notice ; and in a suit against them for his wages, the amount of such damages may be deducted therefrom.

INDEBITATUS ASSUMPSIT for work done for the defendants, an incorporated manufacturing company  The plaintiff claimed

for seven or eight months' work $\$121\cdot84$, and credited $\$61\cdot90$ as paid to her. Balance demanded, $\$59\cdot94$.

At the trial in the court of common pleas, the defendants admitted that the plaintiff had done the work for which she sought to recover payment, and tney did not object to the price at which she had charged it : But they "offered evidence tending to show that they had adopted a regulation which required all persons to give them four weeks' notice of an intention to quit their service, and that the plaintiff, knowing that regulation, when she went into their employ, left their service without giving such notice ; and they contended that if the jury were satisfied of these facts, the plaintiff was not entitled to recover for the services performed by her. But the presiding judge instructed the jury, that if these facts were proved, they would not operate as a forfeiture of the wages earned ; that if the plaintiff entered into the service of the defendants with a knowledge of such regulation, and left without giving the notice required, she would be liable to the defendants for all damages sustained by them from a want of such notice, and that the amount of such damages, if any had been sustained, might be deducted, in this action, from the amount claimed by the plaintiff."

The jury returned a verdict for the plaintiff for the full balance of her claim, with interest from the service of the writ. Whereupon the defendants alleged exceptions to the aforesaid instructions.

*Phelps*, for the defendants.

*Dickinson*, for the plaintiff.

HUBBARD, J. The amount of the plaintiff's claim is not denied by the defendants, but they allege, in their defence, that these services are forfeited to them in consequence of the plaintiff's leaving their service without giving four weeks' notice of her intention to quit. This defence is grounded upon a regulation of the company, which requires all persons in their employment to give them four weeks' notice of an intention to leave their service, supported by proof that the plaintiff knew this regulation when she went into their employ ; and therefore such regulation became a part of her contract.

In support of this position, the defendants contend that this was an express contract for the performance of certain labor for a fixed time, which the plaintiff has not fulfilled, and which performance is a condition precedent to her right to payment ; and that the contract has been broken by the plaintiff, without any fault on the part of the defendants, and against their consent. To maintain this ground, they rely upon *Stark v. Parker*, 2 Pick. 267 ; *Olmstead v. Beale*, 19 Pick. 528 ; and various other cases to the same point.

That a special contract for the performance of work for a definite period of time and for an agreed compensation, or for the execution of a specific piece of work for a fixed price, must be performed before the contractor is entitled to payment for his services, is settled upon the firm foundation of acknowledged authorities, and upon principles of intrinsic justice ; and no argument is now necessary to enforce the doctrine. If the plaintiff's case is distinctly embraced within the provisions of this settled rule of law, the defendants are entitled to judgment. To bring this case within the prescribed rule, the counsel for the defendants ingeniously contends that this was a hiring for a certain time, commencing with the plaintiff's engagement with the company, and terminating in four weeks after notice should be given by her of her intention to finish the contract ; and therefore, though uncertain as to length, is to be treated as certain, because capable of being rendered certain ; or, at least, that four weeks were specified in the contract, and by its terms, therefore, the plaintiff was not at liberty to quit the service of the defendants, after she had commenced work, until a certain time had elapsed ; and that the performance of this certain service was a condition precedent to her right to recover any part of her wages.

We assume that when the plaintiff entered into the defendants' service, she did not *expressly* agree to labor for any specific time. This is to be inferred from the papers in the case, though it is nowhere so stated in direct terms.

We have looked at the circumstances of this case with care ; as it is said that this regulation of the defendants is important to

them in the due management of their business, not merely in regard to this case, but as to others. Upon consideration, however, we are of opinion that this is not a special contract for specific labor for a definite period of time, the completion of which, on the part of the plaintiff, is necessary to give her a right to recover for services actually performed ; but that it is a contract of indefinite and uncertain duration, terminable at the pleasure of the plaintiff, on giving four weeks' notice to quit. It wants two principal ingredients in the rule above mentioned, to wit, definiteness and certainty. It is not a contract for a specific work, nor an agreement to labor for a specific time for an agreed sum.

And we think — viewing this case in the most favorable light for the defendants, and adopting their principles of construing the contract — it could not extend further than to a forfeiture of four weeks' labor, and that it would not work a loss of the whole service. But we, on the whole, concur in opinion with the judge who tried the cause in the court below, that the plaintiff was liable to such damages as the defendants had sustained by her breach of the contract, and which might, if the defendants had so chosen, have been given in evidence, either in whole or in part, on the trial of the present action.* And this view of the subject is fortified by the fact, that the defendants' regulation, as stated in the exceptions, did not contain in its terms the stipulation, that in case of quitting without giving the four weeks' notice, the wages accrued should be forfeited. Had this been stated, the plaintiff would then fall within the penalty. But as the regulation is expressed, it is from inference only that the wages are to be forfeited, and that inference drawn from the rule that regulates specific contracts for definite periods of time, and which vary, in important particulars, from contracts like the present. And if the construction now given to this regulation, in respect to the damages for the breach thereof, is calculated in its tendency to produce injurious effects to the defendants, they have only to enlarge their rule by adding to it a clause of for-

---

\* See *Batterman* v. *Pierce,* 3 Hill, 174.

feiture of wages accrued, and a requisition that operatives enter·
ing into their service shall sign it.

*Exceptions overruled.*